JUDGE GARDEPHE

19 CV 02061

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X   DOCKET NO. _____
B'S GROCERY CORP.,
                                            Plaintiff(s),

       -against-                                                                                     **COMPLAINT**

UNITED STATES OF AMERICA and UNITED
STATES DEPARTMENT OF AGRICULTURE,
                                            Defendant(s)
---------------------------------------------------------------X

       **THE PLAINTIFFS,** B'S GROCERY CORP., by their attorneys, the Law Office of VICTOR J. MOLINA, as and for its Complaint herein, allege the following:

### SUMMARY OF CLAIMS

       1.     This action seeks a de novo judicial review challenging the disqualification from the Food Stamps Program by the United States Department of Agriculture. See Ai Hoa Supermarket, Inc. v. United States, 657 F. Supp. 1207, 1208 (S.D.N.Y. 1987); see also 7 C.F.R. § 279.7(a) and a stay of disqualification pending resolution of this matter. The Order for which review is denoted "Final Agency Decision" and was dated February 5, 2019, by the U.S.D.A., Food and Nutrition Service Administrative Review Branch in Alexandria, Virginia, **Case Number: C0207727**, captioned B'S Grocery Corp., Appellant, v. FNS Retailer Operations Division, Respondent. *(See Exhibit "A.")* The Order was sent via United Parcel Service and delivered on February 8, 2019. *(UPS Delivery sticker and on-line tracking information attached as Exhibit "A-i.")*

       2.     A retail food store disqualified or fined under the Food Stamp Act may bring an action for judicial review challenging the penalty by filing a complaint against the United States in federal district court within 30 days of receipt of the decision. See 7 C.F.R. § 279.7(a). The 30-day period expires on March 10, 2019.

3. The district court shall determine the validity of the penalty in a trial *de novo*. See 7 C.F.R. § 279.7(c).

## JURISDICTION AND VENUE

4. This action arises under 7 C.F.R. § 279.7.

5. This court has original jurisdiction over this action under 7 C.F.R. § 279.7(a). Venue is properly established in the Southern District of New York pursuant to 7 C.F.R. § 279.7(a) as an aggrieved party may obtain judicial review of a determination by filing a complaint against the United States in the U.S. district court for the district in which the owner resides or is engaged in business. Here, both B'S GROCERY CORP. and ANDRES DURAN are residents within the jurisdiction of the U.S. Southern District of New York.

## PARTIES

6. Plaintiff B'S GROCERY CORP. is a New York corporation with principal place of business 2434 Creston Avenue, Bronx, NY 10468. The United States allows suits against the United States in the U.S. district court for the district in which the owner resides or is engaged in business under 7 C.F.R. § 279.7(a).

## FACTUAL BACKGROUND

7. ANDRES DURAN is the sole officer and president of the corporation, B'S GROCERY CORP. As president and only corporate officer ANDRES DURAN is fully vested with the actual powers to bind the company in this action.

8. B'S GROCERY CORP., denies the allegations raised by the United States Department of Agriculture, against the retailer. The chronology of events pertaining to the U.S.D.A.'s administrative action against the retailer are not in dispute. The U.S.D.A. Food and Nutrition Service, Madison, Wisc. Field Office, issued a Charging Letter dated August 7, 2018, whereby the Department charged B'S GROCERY CORP. with misuse of SNAP benefits in violation of 7 C.F.R. 278.2(a) of the Supplemental Nutrition Assistance Program

("SNAP") regulations. *(See Exhibit "B.")* It is important to note that the agency did not charge the defendants with trafficking in violation of 7 C.F.R. 278.6(e)(1).

9. ANDRES DURAN and B'S GROCERY CORP. promptly denied the allegations raised and applied for a hardship civil money penalty (CMP), in lieu of any suspension or disqualification, pursuant to Section 278.6(f)(1) of the Regulations in a letter sent on August 17, 2018, via Fax and Mail to the U.S.D.A., Madison, Wisc. Field Office. *(See Exhibit "C.")*

10. In a letter dated September 6, 2018, the FNS Retailer Operations Division acknowledged receipt of Plaintiff's Reply and notified Plaintiff that it had determined that violations had occurred at the establishment, and that a six-month period of disqualification from participating in SNAP was warranted. The Disqualification letter also stated that Plaintiff was ineligible for a hardship CMP. *(See Exhibit "D.")*

11. By letter dated September 10, 2018, Plaintiff timely sent a Request for Administrative Review to the U.S.D.A., Food and Nutrition Service Administrative Review Branch, in Alexandria, Virginia. ANDRES DURAN and B'S GROCERY CORP. challenged the disqualification issued by the Field Office. In the letter, Mr. Duran stressed that he had properly taken all steps to instruct employees against misuse of the SNAP program and improper acceptance of EBT benefits, held quarterly training sessions for employees, and that if such violation by an employee occurred, it was against the explicit instructions and training that had been given. *(See Exhibit "E.")*

12. In a letter dated September 26, 2018, the U.S.D.A., Food and Nutrition Service acknowledged Plaintiff's timely submission of the Request for Administrative Review. *(See Exhibit "F.")*

13. In a decision denoted "Final Agency Decision" delivered on February 8, 2019, the U.S.D.A., Food and Nutrition Service Administrative Review Branch in Alexandria, Virginia, sustained the decision of the Field Office imposing a six-month disqualification of B'S GROCERY CORP. from participating in the SNAP Program. *(See Exhibit "A.")*

14. B'S GROCERY CORP. has exhausted its administrative appeals and now seeks a de novo judicial review challenging the disqualification from the Food Stamps Program by the United States Department of Agriculture.

15. The complaint must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination of the designated reviewer in accordance 7 C.F.R. § 279.7(a).

## THE DECISION IS BASED ON ERRONEOUS FINDINGS AND AN ABSENCE OF FACTS

16. The Final Agency Decision states that "Retailer Operations Division charged the Appellant firm with accepting SNAP benefits in exchange for merchandise which included common ineligible non-food items in violation of 7 CFR § 278.2(a)."

17. The reports cited in the Decision are deficient in that they fail to clearly establish that any ineligible items were sold in exchange for SNAP benefits. First, there were allegedly four visits in which investigators from the FNS Department visited the store as part of their undercover "sting" operation. The Department provides a "Report of Positive Investigation" from an "Investigator" whose name and signature are redacted. Not only is the investigator's identity redacted, but the Report does not state whether he or she is the investigator who visited the premises during the incidents in question and made the alleged purchases.

18. The Individual Investigative Transaction Reports, delineated as Transactions "A," "B," "C," and "D," are also deficient. The reports from the investigator make no mention of any non-eligible items being purchased in exchange for SNAP benefits. Mention of ineligible items is only contained in an attached set of tables that is not referenced in the Investigator's statement. So it is not clear from the reports that any ineligible items were charged to the FNS SNAP accounts.

19. There only attempt to induce illegal activity explicitly mentioned by the investigator is "I then asked clerk to trade some foodstamps for cash. Clerk refused."

20. FNS also redacted the name of the investigator and even the time of day when the purchases were made, making it difficult for the respondent (the plaintiff herein) to track down the transactions for his response.

21. Plaintiff respectfully submits that that raised questions about the accuracy of the investigation and the report. The U.S.D.A. is the party with access to the E.B.T. records and the U.S.D.A. certainly could have provided evidence of the amount—if any—that plaintiff allegedly charged for these ineligible items. The absence of an indication of the price paid leaves it completely unclear whether the item was charged to the E.B.T. account at all.

22. B'S GROCERY CORP. has exhausted its administrative appeals and now seeks a de novo judicial review challenging the disqualification from the Food Stamps Program by the United States Department of Agriculture.

23. The complaint must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination of the designated reviewer in accordance 7 C.F.R. § 279.7(a).

*WHEREFORE*, the plaintiffs request that the Court grant the following relief:

1. That the Court stay the disqualification of Plaintiffs from the SNAP program pending a hearing on this matter.

2. That the Court grant a de novo judicial review challenging the disqualification of Plaintiffs from the SNAP Program by the United States Department of Agriculture as under the Food Stamp Act, the validity of the administrative decision is reviewed de novo (7 C.F.R.§ 279.7(c); see also <u>Ai Hoa Supermarket, Inc. v. United States</u>, 657 F. Supp. 1207, 1208 (S.D.N.Y. 1987).

3. Grant such and other relief as the Court may deem proper.

Dated: Bronx, New York

      March 5, 2019

Benjamin Sharav  
BS-8536  
Law Office of VICTOR J. MOLINA  
VJM-1741  
Attorney for Plaintiffs  
930 Grand Concourse, Ste. 1A  
Bronx, NY 10451  
Tel.: (718) 401-1600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   DOCKET NO. _____
B'S GROCERY CORPAND
ANDRES DURAN
                                               Plaintiffs,
         -against-   **VERIFICATION**

UNITED STATES OF AMERICA and UNITED
STATES DEPARTMENT OF AGRICULTURE,
                                          Defendant(s)
-------------------------------------------------------------------X

STATE OF NEW YORK    }
                                  }SS:
COUNTY OF BRONX    }

        ANDRES DURAN, being duly sworn, deposes and states:

        1.        I am the president of B'S GROCERY CORP, the corporate plaintiff, and the co-plaintiff in this action.

        2.        I have read the within complaint and order to show cause prepared by my attorney and no the contents thereof.

        3.        The contents are true to my knowledge, except as to those matters therein stated be on information and belief, and as to those matters, I believe them to be true.

Dated: Bronx, N.Y.
        February 28, 2019

SHAUNTE RONDELLE STYLES
NOTARY PUBLIC-STATE OF NEW YORK
No. 01ST6260319
Qualified in New York County
My Commission Expires April 30, 2020

X _Andres Duran_
ANDRES DURAN

Subscribed and sworn to before me on
February 28, 2019.
_____
NOTARY PUBLIC

| UNITED STATES DISTRICT COURT<br>for the<br>SOUTHERN DISRTICT OF NEW YORK | |
|---|---|
| ----------------------------------------------------------X<br>B'S GROCERY CORP.,<br>                              Plaintiff(s),<br>     -against-<br><br>UNITED STATES OF AMERICA,<br>                             Defendant<br>----------------------------------------------------------X | DOCKET NO.  2018 CV  _____<br><br><br>**COMPLAINT** |

| | |
|---|---|
| | **Law Office of VICTOR J. MOLINA**<br>**VJM-1741**<br>**Attorney for Plaintiffs**<br>930 Grand Concourse, Ste. 1A<br>Bronx, NY 10451<br>Tel.: (718) 401-1600 |

| To: | United States Attorney's Office<br>Southern District of New York<br>Civil Division<br>86 Chambers Street / 3rd Floor<br>New York, NY 10007<br>Tel.: (212) 637-2800<br>Fax.: (212) 637-2750 | | United States Department of Agriculture<br>Food and Nutrition Service<br>Administrative Review Branch<br>3101 Park Center Drive, 4th Floor<br>Alexandria, VA 22302<br><br>United States Department of Agriculture<br>Food and Nutrition Service<br>New York Field Office<br>201 Varick Street, Rm. 609<br>New York. NY 10014 |